IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON RUIZ,

    Plaintiff,       No. CIV S-07-2236 LKK CMK P

  vs.

KAREN KELLY, et al.,

    Defendants.       ORDER

_____/

        Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not at this time find the required exceptional circumstances.

/ / /


1  Plaintiff has also requested to file an amended complaint in order to add two
2  additional defendants. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a plaintiff
3  may file an amended complaint once as a matter of right, prior to a responsive pleading being
4  filed. Therefore, plaintiff is free to file an amended complaint until the defendants have filed an
5  answer.[1] Plaintiff is informed that, as a general rule, an amended complaint supersedes the
6  original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, all
7  claims alleged in the original complaint which are not alleged in the amended complaint are
8  waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends
9  the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended
10 complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself
11 without reference to any prior pleading. See id.
12      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
13 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
14 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how
15 each named defendant is involved, and must set forth some affirmative link or connection
16 between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d
17 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /

---

[1] Plaintiff is informed that the defendants have requested, and were granted, until August 12, 2008 to file a response to the complaint.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel is denied; and

2. Plaintiff may file an amended complaint, once as of right, at any time until the defendants have filed an answer or other responsive pleading.

DATED: August 7, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE